IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, NA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-3812-N |
| | § | |
| VICKEY R. ALLEN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Vickey R. Allen, appearing *pro se*, has removed a forcible detainer action from a Dallas County justice court to federal district court. For the reasons stated herein, the court should *sua sponte* remand the case to the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas.

I.

Plaintiff Bank of America, NA "(BOA")" originally filed this action in the Justice of the Peace Court, Precinct 4, Place 2, Dallas County, Texas against Vickey R. Allen and others seeking to evict the defendant from certain property located at 1121 Coffeyville Trail in Grand Prairie, Texas. *See* Def. Not. of Rem. [Doc. #3] at PageID 8. The Justice of the Peace subsequently entered a default judgment of possession in favor of BOA. *Id*. at PageID 12, 13. Allen filed an appeal and, shortly thereafter, removed the case to federal district court. In her notice of removal, Allen alleges that "[r]emoval was effectuated timely under either state/federal question or diversity jurisdiction." *Id.* at PageID 6. Allen also seeks leave to proceed *in forma pauperis* in this matter.

After screening the notice of removal, the court advised Allen that she had failed to allege any facts to show that either federal question jurisdiction or diversity jurisdiction is proper and that her application to proceed *in forma pauperis* was not signed under penalty of perjury, as required

by Rule 11.  Not. of Def. [Doc. #6] at 1.  The court ordered Allen to correct these deficiencies by October 12, 2012 and admonished her that the failure to do so may result in the imposition of sanctions, including dismissal of the action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  *Id*. at 1-2.  To date, Allen has not taken any action to correct the deficiencies. Before this action proceeds further, the court must consider the threshold issue of subject matter jurisdiction.

II.

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001).  Where a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  If a case has been improperly removed, a district court may remand it *sua sponte*.  *See Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 658 (E.D. Tex. 1999), *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

A.

In her notice of removal, Allen cites 28 U.S.C. § 1332 and alleges that federal jurisdiction is proper on the basis of diversity.  Def. Not. of Rem. at PageID 6.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is complete diversity of citizenship.  28 U.S.C. § 1332(a).  Courts have consistently held that the amount in controversy in a forcible detainer case is the value of the right to possess the

property. *See, e.g. Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010) (citing cases). Allen fails to provide any information upon which this court may determine the value of the right to possess the property located at 1121 Coffeyville Trail in Grand Prairie. Accordingly, the amount in controversy requirement for diversity jurisdiction has not been met and remand is required. *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2-3 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012).

Furthermore, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Although Allen has failed to adequately demonstrate the citizenship of either party, it appears that she is a citizen of Texas because the property at issue is her residence. *See* Def. Not. of Rem. at PageID 6. Allen thus cannot remove the case to federal court on the basis of diversity jurisdiction. *Talley*, 2012 WL 4005910, at *3; *Santana*, 2010 WL 5313734, at *1. Remand is warranted on this basis as well.

B.

Allen also suggests that federal question jurisdiction is proper. The existence of a federal question must appear from a properly pleaded complaint. "[I]f, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1121 (1990). Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint] unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Roman v. Aviateca*, 120 F.3d 265 (Table), 1997 WL 420177 at *3 (5th Cir. Jun. 27, 1997), *cert. denied*, 118 S.Ct. 375

(1997), *quoting Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).  In this case, no federal question is presented because the forcible detainer action filed by BOA arose solely under Texas law.  *Talley*, 2012 WL 4005910, at *2; *Bank of New York Trust Co. N.A. v. Olds*, No. 3:08-CV-0630-K, 2008 WL 2246942 at *2 (N.D. Tex. May 30, 2008).  Because federal question jurisdiction does not exist, the case must be remanded to state court.

## **RECOMMENDATION**

The court should *sua sponte* remand this case to the Justice of the Peace Court, Precinct 4, Place 2, of Dallas County, Texas.

SIGNED ON this 30th day of October, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE